IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CALEB WARD (01)<br>JEREMY MCNUTT (02)<br>JARED MCNUTT (03) | No. 4:25-MJ-86 |

### JOINT MOTION TO CONTINUE TIME TO INDICT

The government and the defendants' attorneys jointly request this Honorable Court to continue the time upon which an indictment must be filed in this case.[1]

(1) The government filed a criminal complaint against the defendants on February 5, 2025, alleging a violation of 18 U.S.C. § 1349 (wire fraud conspiracy).

(2) Jared McNutt was arrested on February 10, 2025 and appeared before this Court the same day. He was released pending trial.

(3) Caleb Ward and Jeremy McNutt self-surrendered on February 13 and appeared before this Court the same day. Both were released pending trial.

(4) Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an indictment must be returned on the instant charge "within thirty days from the date on which [the defendant] was arrested or served with a summons in connection with

---

[1] A defendant's "personal consent is not required" when the defendant's attorney is seeking a Speedy Trial Act continuance, including when it is a continuance of the indictment deadline under the Speedy Trial Act. *United States v. Robinson*, 67 F.4th 742, 749 (5th Cir. 2023).

Joint Motion to Continue Time to Indict - Page 1

        such charges." The thirtieth day in this case will fall on or about March 12, 2025 for Jared McNutt, and March 14, 2025 for Ward and Jeremy McNutt, taking into account excludable time, pursuant to 18 U.S.C. § 3161(h)(1) and Federal Rule 45(a).

(5)    The parties request that the Court continue presentation of the defendants' case to the grand jury for an additional 60 days because both parties believe that the case may be resolved pre-indictment. The additional time is necessary for the parties to exchange information about the defendant and the case and for the government to disclose sufficient discovery[2] to the defense to permit a thorough review and evaluation of the case against the defendants. These efforts may relieve the government of presenting the case to the grand jury, which will preserve both judicial and government resources and give the defense attorneys time to digest the case and meaningfully negotiate terms of a potential guilty plea.

(6)    The granting of this continuance, therefore, would be in the interest of judicial economy. Both parties likewise believe that a continuance would serve the ends of justice and would outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

---

[2] Discovery in this case is voluminous, consisting of over 90,000 documents, as well as forensic images of computers and cell phones.

**Joint Motion to Continue Time to Indict - Page 2**

(7) This request is not made in effort to unduly delay the proceedings, but to permit the parties sufficient time for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

(8) For the foregoing reasons, the parties request that this Honorable Court continue the time upon which an indictment must be filed for an additional approximately 60 days, until on or about April 11, 2025.

DATED Feb. 13, 2025

Respectfully submitted,

CHAD E. MEACHAM
ACTING AUNITED STATES ATTORNEY

JOEY MONGARAS
Attorney for Caleb Ward

MATTHEW WEYBRECHT
Assistant United States Attorney
State Bar of Texas No. 24102642
Telephone: 817-252-5200
Fax: 817-252-5455
matthew.weybrecht@usdoj.gov:

MICK MICKELSEN
Attorney for Jeremy McNutt

Approved by:

RACHEL TAFT
Attorney for Jared McNutt

ALEX LEWIS
Criminal Chief

Joint Motion to Continue Time to Indict - Page 3