IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:25-CR-076-O |
| JEREMY MCNUTT (01) | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Jeremy McNutt, Defendant; Mick Mickelsen, Defendant's attorney; and the United States of America (the government) agree as follows:

1.  **Rights of Defendant**: Defendant understands that Defendant has the rights:

    a.  to plead not guilty;

    b.  to have a trial by jury;

    c.  to have Defendant's guilt proven beyond a reasonable doubt;

    d.  to confront and cross-examine witnesses and to call witnesses in Defendant's defense; and

    e.  against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: Defendant waives these rights and pleads guilty to the offense alleged in Count One of the information, charging a violation 18 U.S.C. § 371 (18 U.S.C. 1343), that is conspiracy to commit wire fraud. Defendant understands the nature and elements of the crime to which Defendant is pleading guilty and agrees that the factual resume Defendant has signed is true and will be submitted as evidence.

Plea Agreement—Page 1

3. **Sentence**: The maximum penalties the Court can impose include:

   a. imprisonment for a period not to exceed 5 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to Defendant or loss to the victim(s);

   c. a term of supervised release not to exceed 3 years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement;

   d. a mandatory special assessment of $100;

   e. restitution to victims or to the community, which may be mandatory under the law, and which Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

   f. forfeiture of property; and

   g. costs of incarceration and supervision

4. **Immigration consequences**: Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, Defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including Defendant's attorney or the district court, can predict to a certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant nevertheless

affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's plea of guilty may entail, even if the consequence is Defendant's automatic removal from the United States.

5. **Court's sentencing discretion and role of the Guidelines**: Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Defendant has reviewed the guidelines with Defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Defendant will not be allowed to withdraw Defendant's plea if Defendant's sentence is higher than expected. Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6. **Defendant's agreement**. Defendant shall not knowingly provide false information to the U.S. Probation Office (USPO), the Court, or the government relating to the offense(s) of conviction and all relevant conduct, or any information Defendant must provide related to this agreement.

7. **Mandatory special assessment**: Defendant agrees to pay the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment(s) prior to sentencing.

8. **Financial Obligations**: Defendant understands that any financial obligation imposed by the Court for restitution, fines, or special assessments is due and payable immediately. In the event the Court imposes a schedule for payment, Defendant agrees

that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately enforceable financial obligation. Defendant understands that Defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court. Defendant further agrees as follows:

    a. Defendant agrees that the financial statement, with any supporting documents, Defendant provides to the USPO may be shared with the Court and the government.

    b. Defendant shall submit to interviews by the government and the USPO regarding Defendant's capacity to satisfy any fine, restitution, or special assessment.

    c. Defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on Defendant to evaluate Defendant's ability to satisfy any financial obligation imposed by the Court.

9. **Restitution**: Defendant agrees that the Court is authorized to order, and Defendant agrees to pay, restitution for all loss resulting from the offense(s) of conviction and all relevant conduct, in an amount to be determined by the Court. Defendant agrees that, for purposes of this paragraph, restitution for relevant conduct shall include all acts and omissions described in USSG § 1B1.3(a)(1)(A) and (1)(B), as well as all acts and omissions that were part of the same course of conduct or common scheme or plan, regardless whether the grouping rules in USSG § 3D1.2 might apply to computation of the advisory imprisonment range. Defendant understands that should the Court order that

restitution be paid jointly and severally with others who are required to pay restitution for the same loss to victims that credit may not be received for all payments made by any other person with joint and several liability. Defendant agrees that any restitution ordered to be paid jointly and severally remains the responsibility Defendant until Defendant has paid Defendant's ordered amount of restitution in full or the respective victim has been paid in full.

10.   **Forfeiture of property**: Defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information. Defendant agrees that such property is subject to forfeiture. Defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. Defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. Defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

11.   **Government's agreement**: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to Defendant's plea of guilty. The government will file a Supplement in this case, as is routinely done in

**Plea Agreement—Page 5**

every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending charging document. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

12. **Violation of agreement**: Defendant understands that if Defendant violates any provision of this agreement, or if Defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge, including the reinstatement of charges dismissed pursuant to this plea agreement. In the event of such a violation, vacatur, or withdrawal, Defendant waives all objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Defendant also waives all objections to the use against Defendant of any information or statements Defendant has provided to the government, and any resulting leads.

13. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

14. **Waiver of right to appeal or otherwise challenge sentence**: Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to

be determined by the Court. Defendant further waives Defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

15. **Representation of counsel**: Defendant has thoroughly reviewed all legal and factual aspects of this case with Defendant's attorney and is fully satisfied with that attorney's legal representation. Defendant has received from Defendant's attorney explanations satisfactory to Defendant concerning each paragraph of this plea agreement, each of Defendant's rights affected by this agreement, and the alternatives available to Defendant other than entering into this agreement. Because Defendant concedes that Defendant is guilty, and after conferring with Defendant's attorney, Defendant has concluded that it is in Defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

16. **Entirety of agreement**: This document, including any Supplement filed contemporaneously, is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in

court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 13 day of March, 2025.

                                            CHAD E. MEACHAM
                                            ACTING UNITED STATES ATTORNEY

_____     _____
JEREMY MCNUTT                            MATTHEW WEYBRECHT
Defendant                                        Assistant United States Attorney
                                                 State Bar of Texas No. 24102642
                                                 Telephone: 817-252-5200
                                                 Fax: 817-252-5455
                                                 matthew.weybrecht@usdoj.gov

_____     _____
MICK MICKELSEN                            JAY WEIMER
Attorney for Defendant                     Section Chief

I have read (or had read to me) this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____     March 13, 2025
JEREMY MCNUTT                   Date
Defendant

I am Defendant's attorney. I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____     March 13, 2025
MICK MICKELSEN                  Date
Attorney for Defendant

Plea Agreement—Page 9